**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIANE HODGE,

            Plaintiff-Appellant,

    v.

DENIS MCDONOUGH, Secretary of
Veterans Affairs,

            Defendant-Appellee.

No.   21-16392

D.C. No. 3:18-cv-08066-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted September 12, 2023
Phoenix, Arizona

Before: GOULD, HURWITZ, and BUMATAY, Circuit Judges.

    Diane Hodge appeals a district court judgment entered after an adverse jury

verdict on her Title VII claims. Hodge also challenges the district court's denial of

her motion for new trial.

    We review for plain error when a party does not object to a jury instruction

at trial. Fed. R. Civ. P. 51(d)(2). We review a denial of a new trial for abuse of

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

discretion.  *See* Fed. R. Civ. P. 59(a)(1)(A); *Dees v. Cnty. of San Diego*, 960 F.3d 1145, 1151 (9th Cir. 2020) (citation omitted).  We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 2000e-5(j), and we affirm.

1.  The district court did not plainly err in its hostile work environment instruction.  To show plain error, the appellant must demonstrate that: (1) an error occurred, (2) it was obvious, (3) it affected the appellant's substantial rights, and (4) it "seriously affect[ed] the fairness, integrity or public reputation" of the proceedings such that it created "a miscarriage of justice."  *C.B. v. City of Sonora*, 769 F.3d 1005, 1016–19 (9th Cir. 2014) (en banc) (citations omitted).  Hodge contended that she experienced employment discrimination based on race, religion, and gender.  Trial counsel proposed jointly stipulated jury instructions for Hodge's claims to disparate treatment, hostile work environment, and retaliation.

A.  The instruction for hostile work environment stated that Hodge needed to prove that she was "subjected to slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial or religious nature, and sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature.…"  The district court and counsel agreed that the parties did not offer any evidence relating to sexual harassment.  A hostile work environment claim for race or religion clearly does not require a showing of sexual harassment.  Nor is sexual

2

harassment an element of a gender-based hostile work environment claim. *See Christian v. Umpqua Bank*, 984 F.3d 801, 809 (9th Cir. 2020). An instruction errs when it "adds an obviously non-existent element to the plaintiff's burden of proof." *Bearchild v. Cobban*, 947 F.3d 1130, 1148 (9th Cir. 2020) (quoting *Hoard v. Hartman*, 904 F.3d 780, 790 (9th Cir. 2018)). The court erred by giving the instruction as worded with the conjunctive "and" rather than the disjunctive "and/or."

B. Nonetheless, to establish plain error, a plaintiff must show that the error affected her substantial rights. *See C.B.*, 769 F.3d at 1018. This requires establishing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Michell*, 65 F.4th 411, 414 (9th Cir. 2023) (citation omitted). Given the record in this case and the fact that the jury asked no questions about the instructions, Hodge has not shown a reasonable probability that a properly-worded instruction would have changed the verdict, particularly because it was her burden to establish that any workplace hostility was "severe and pervasive." *Christian*, 984 F.3d at 809.

C. Hostile work environment claims have both subjective and objective components. *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017); *see also Ellison v. Brady*, 924 F.2d 872, 878–79 (9th Cir.

3

1991). Factfinders must conduct the objective analysis from the perspective of a member of the protected group. *See Reynaga*, 847 F.3d at 687; *Ellison*, 924 F.2d at 879. The instruction in this case stated in relevant part: "In order to establish a racially, sexually, and/or religiously hostile work environment, the plaintiff must prove . . . a reasonable woman in the plaintiff's circumstances would consider the working environment to be abusive or hostile." The district court did not plainly err in giving this instruction. *Ellison* requires a "reasonable woman" standard for a sex-based claim, 924 F.2d at 879, and the instruction accounts for Hodge's other theories with its "in the plaintiff's circumstances" language.

2. The district court also did not plainly err in its retaliation instruction. The court instructed the jury that Hodge had to show "the employer subjected the plaintiff to an adverse employment action by temporarily reassigning plaintiff to a claims assistant position and by demoting the plaintiff." The use of the conjunctive was incorrect because a Title VII plaintiff can allege multiple adverse employment actions and need only prove one to prevail. *See Ray v. Henderson*, 217 F.3d 1234, 1243–44 (9th Cir. 2000). But Hodge failed to show a reasonable probability that changing the "and" to an "or" would have led to a different outcome. *See Michell*, 65 F.4th at 414.

4

3.  Sometimes the collective effect of "several substantial errors" may be "so prejudicial as to require reversal." *See Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) (citations omitted). For the reasons above, even assuming instructional error, we conclude that Hodge has not demonstrated a combined prejudice necessitating reversal.

4.  The authority to grant a new trial is confided "almost entirely" to the trial court. *See Dees*, 960 F.3d at 1151 (citations omitted). The district court did not abuse its discretion by denying Hodge's motion for a new trial after concluding that defense counsel engaged in no improper conduct that prevented Hodge from fully and fairly presenting her case.

**AFFIRMED.**